UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| COMMUNITY STATE BANK | § | CIVIL ACTION 18-4078 |
| | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| MAXINE WILSON, | § | JUDGE SUSAN HICKEY |
| CARRIE W. WINFORD, Administratrix | § | |
| for the Estate of Jennifer Harting Wilson, | § | |
| and J. SCHUYLER MARVIN, | § | |
| District Attorney | § | |
| | § | |
| *Defendants* | § | MAGISTRATE JUDGE ____________ |

**DEFENDANT J. SCHUYLER MARVIN'S OPPOSITION TO PLAINTIFF'S MOTION FOR DISCHARGE AND FOR AWARD OF ATTORNEY'S FEES AND COST**

## I. Introduction.

The distinctive feature of this case is the issue of concurrent jurisdiction. A Louisiana state court has asserted *in rem* jurisdiction over a bank account at Community State Bank ("CSB").[1] That court has ordered CSB to surrender the funds to the Bossier Parish District Attorney, who must hold the funds until the court determines their just

[1] *See* CSB's Complaint for Interpleader ("Pl.'s Complaint") (Doc. 1), Ex. 5 (Warrant of Seizure for Forfeiture), para. 3 (referencing La. R.S. 15:1356); La. R.S. 15:1356(A)(1) (referencing "an in rem right or claim").

distribution.[2] Generally, federal courts do not exercise jurisdiction over property concurrently with state courts.[3]

CSB prefers for *this* Court to determine the distribution. It has accordingly moved the Court "to accept the deposit of the funds".[4] But it does not argue that it is not bound by the order of the Louisiana court, or even that this Court is a *preferable* decision maker. Rather, it argues as if the instant case were a straightforward interpleader action in which only *one* court could resolve the competing claims. Because it is not, CSB's motion and memorandum miss the point at issue.

Further, CSB seeks to avoid liability arising from competing claims. That objective will be achieved if this Court declines to exercise concurrent jurisdiction and CSB complies with the order of the Louisiana court. It will *not* be achieved if two courts both assert *in rem* jurisdiction and subject CSB to conflicting orders. Therefore, the policy of avoiding concurrent jurisdiction over property and the objective sought by CSB both argue *against* this Court's accepting the funds into the registry of the Court. For these reasons, the Court should not order the Clerk to accept the deposit of the funds.

Because CSB seeks to evade the order of the Louisiana court, it is not merely a disinterested *holder of funds*. For this reason, as long as this action survives and the legitimacy of the Louisiana order is at issue, CSB should not be discharged from the suit. For similar reasons, it should not be awarded attorney's fees or costs.

---

[2] *See* Defendant J. Schuyler Marvin's Amended Answer to Plaintiff's Complaint for Interpleader ("Def.'s Am. Answer to CSB") (Doc. 14) 4-5 (§ II). The whole of Def.'s Am. Answer to CSB is incorporated by reference, as if fully set forth verbatim herein.

[3] *Id.* 6.

[4] Motion for Discharge and for Award of Attorney's Fees and Costs (Doc. 36) 1.

## II. CSB Must Not Make Use of this Court to Avoid Complying with the Order of the Louisiana Court.

### A. CSB Should Not Be Permitted to Evade the Order.

"Respect for judicial rulings is essential to the proper administration of justice; however, a litigant or his lawyer may, in good faith and within the framework of the law, take steps to test the correctness of a ruling of a tribunal."[5] CSB does not argue that this Court is the proper forum in which to test the ruling of the Louisiana tribunal—and indeed does not argue that that ruling is *in*correct. Its memorandum mentions the order of the Louisiana court only by way of providing 'factual background' to this Court. The entire discussion is as follows: "On or about April 27, 2018, CSB was served with a 'Warrant of Seizure for Forfeiture' issued by the 26th Judicial District Court ordering CSB to 'relinquish funds . . . to the 26th Judicial District Attorney's Office.'"[6]

Despite making no argument that this Court is a proper forum in which to test the order of the Louisiana court, and *also* no argument that the order is wrong or infirm, CSB "seeks an order allowing the deposit of the Funds, and after deposit, to be dismissed or discharged from any further participation in this lawsuit".[7] That would permit it to evade compliance with the Louisiana order by reporting that it no longer has the funds. But *evading* a court's order is a grave act.[8] Even if it were the case that the Louisiana court

---

[5] ABA Model Code of Prof. Resp. EC 7-22, *citing Gallagher v. Municipal Court*, 192 P.2d 905, 913 (1948).

[6] Brief in Support of Motion for Discharge and for Award of Attorney's Fees and Cost ("Pl.'s Mem.") (Doc. 37) 1 ("FACTUAL BACKGROUND") (CSB's ellipsis).

[7] Pl.'s Mem. (Doc. 37) 1 (para. 1).

[8] *See* Denise A. Lier, Comment, *Liability of the Attorney who Advises Disobedience*, 6 J. LEGAL PROF. 333, 336 (1981-82) (discussing attorneys who are alleged to have counseled disobedience and noting the "damning language . . . often used to describe the offending attorney's conduct, indicating the depth of feeling on this subject"), *citing Leber v. United States ex rel. Fleming*, 170 F. 881, 890 (1909), *In re Cooley*, 125 A. 486, 488 (N.J. 1924),

lacked jurisdiction,[9] this would have to be *shown* before CSB could be excused from compliance.[10]

**B. CSB's Authorities Do Not Support CSB.**

CSB relies on *Regions Bank v. Lamb*, in which a bank was discharged from an interpleader action.[11] CSB says that *Regions* involved "the dismissal of a bank under similar circumstances" to those in the instant case,[12] but that is far from true. In *Regions* there is no hint that the bank was under any *other* court's order to surrender the funds. Regions Bank had *brought* an earlier interpleader action in state court.[13] However, there is no indication that that action yielded an order binding the bank.[14] Indeed, the state court action was dismissed on Feb. 11, 2016.[15] Regions filed the federal action "[o]n February 12, 2016, one day *after* the state court interpleader action was dismissed".[16] Accordingly,

---

*Territory of New Mexico v. Clancy*, 37 P. 1108, 1109 (N.M. 1894), & *Goodenough v. Spencer*, 46 How. Pr. 347[, 350-51] (N.Y. 1874). *See also* Note, *Liability of the Lawyer for Advising Disobedience*, 39 COLUM. L. REV. 433, 435 (1939) ("the rule has been laid down in several cases that the attorney in good faith may give his opinion as to the validity of the mandate, but cannot go beyond this and advise its disobedience"), *citing* eight cases.

[9] Defendant Marvin has argued at length that the Louisiana court's exercise of extraterritorial *in rem* jurisdiction is lawful under Louisiana law and constitutional under the Fourth Amendment to the United States Constitution. *See* Defendant J. Schuyler Marvin's Answer to the Affirmative Pleadings in the "Answer in Intervention" of Gary Wilson ("Def.'s Answer to Gary Wilson") (Doc. 35) 4-8 (§§ III & [IV]). The whole of Def.'s Answer to Gary Wilson is incorporated by reference, as if fully set forth verbatim herein.

[10] *See* Lier, *supra* note 8, at 344 (discussing the obligations of attorneys and noting that "[i]t must . . . be manifest at the inception of the proceedings that there was no jurisdiction, and if it only later appears that the court was investigating a matter over which it had no authority, this fact will not relieve the attorney [who advises disobedience] of contempt"), *citing Clarke v. FTC*, 128 F.2d 542 (9th Cir. 1942), *but contrasting In re Thomas*, 190 P. 952 (Utah 1920).

[11] No. 4:16-cv-00078-SWW (E.D. Ark. Sept. 8, 2016) § III ("the Court grants Region's motion for discharge"). *See* Pl.'s Mem. (Doc. 37) 2 (§ II) (discussing *Regions*).

[12] Pl.'s Mem. (Doc. 37) 2 (§ II).

[13] *Regions, supra* note 11, at § I ("On September 3, 2014, Regions filed an interpleader action in the Circuit Court of Cross County, Arkansas, against Hampton and Lamb to determine ownership of the funds).

[14] *See id.*

[15] *Id.*

[16] *Id.* (emphasis added).

*Regions* does not stand for the proposition that discharge is appropriate when that would permit the interpleading plaintiff to evade the order of another court.

Rather the contrary. The *Regions* court noted: "Certainly, a stakeholder will not be dismissed from an interpleader action if its participation in the action is required."[17] As long as this action survives and the legitimacy of the Louisiana order is at issue, the participation of CSB is required—since otherwise it can simply sidestep the order of the Louisiana court. CSB asserts that it is "a disinterested stakeholder with no claim *to the funds* sought to be interplead[ed]".[18] But CSB *does* have an interest in whether it must obey the Louisiana order. Thus it is not merely 'a disinterested stakeholder'. Further, the Louisiana order gives District Attorney Marvin a claim to the funds and he asserts that claim against CSB. The situation is thus sharply *un*like that in *Regions*, in which there was "no dispute that Regions *is* a disinterested stakeholder and that neither Hampton nor Lamb assert a formal claim *against Regions*".[19]

For the same reason, CSB's use of *Moore's Federal Practice* does not support CSB. The last sentence quoted by CSB begins as follows: "The court should readily grant discharge of the stakeholder, *unless it finds that the stakeholder may be independently liable to a claimant* . . ."[20] The order of the Louisiana court shows that CSB may be independently liable to District Attorney Marvin, who is a claimant.[21]

---

[17] *Id.* § II.A, *citing Legacy Inv. and Management, LLC v. Susquehanna Bank*, Civ. No. WDQ-12-2877 (D. Md. Sept. 26, 2013).

[18] Pl.'s Mem. (Doc. 37) 1 (sent. 1) (emphasis added).

[19] *Regions, supra* note 11, at § II.A (emphasis added).

[20] Richard D. Freer, 4 MOORE'S FEDERAL PRACTICE – CIVIL ¶ 22.03 (2015 ed.), *quoted by* Pl.'s Mem. (Doc. 37) 2 (§ II) (Defendant's emphasis).

[21] To be sure, a claimant with a duty to "safeguard[] and preserve[]" the funds. *See* Pl.'s Complaint (Doc. 1), Ex. 5 (Warrant of Seizure for Forfeiture), para. 3.

**C. Summary.**

CSB argues as if a stakeholder asserting no interest to funds *but under a court order to surrender them* is a *fully* disinterested stakeholder. But the very fact that it makes this argument shows that it is incorrect. What CSB seeks is a path to the evasion of the order.

The law, on the other hand, requires respect for judicial rulings. It permits the correctness of those rulings to be tested—but it views their evasion as a matter of grave concern. CSB's authorities are not to the contrary, for these do not counsel setting aside the order of a court. In the case cited by CSB, the bank filed a federal interpleader action only after a state action concerning the same funds had been dismissed. In the treatise cited, discharge of a stakeholder is recommended only when there is no possibility that the stakeholder is independently liable to a claimant—and here CSB is under a court order to surrender the funds to District Attorney Marvin, who is a claimant.

For these reasons, CSB's motion for discharge should be denied. For the same reasons, this Court should not order the deposit of the funds into the registry of the Court.

**III. CSB Will Be Exposed to Competing Claims If this Court *Does* Exercise Concurrent Jurisdiction.**

**A. Courts Decline to Exercise Concurrent Jurisdiction over Property in order to Avoid Competing Claims.**

CSB seeks to avoid exposure to competing claims.[22] But the means it hopes to secure—this Court's exercise of concurrent jurisdiction over property—is a way of

[22] Pl.'s Mem. (Doc. 37) 2 (para. 1) ("CSB filed this interpleader action to allow the parties to present their competing claims and avoid the risk of exposure should it fail to properly disperse [sic] the Funds. Three of the parties to this action have asserted competing claims to all or part of the Funds").

*bringing about* exposure to competing claims. It is in order to avoid such exposure that the court first assuming jurisdiction over property is typically permitted to exercise it exclusively.

In *Colorado River Water Conservation Dist. v. United States*, the United States Supreme Court referred to "the rule requiring that jurisdiction be yielded to the court first acquiring control of property".[23] It explained that "the concern in such instances is with avoiding the generation of additional litigation through permitting inconsistent dispositions of property".[24] In *Beepot v. J.P. Morgan Chase Nat'l Corporate Servs.*, a federal district court declined to exercise jurisdiction concurrently with a Florida court.[25] It noted that, "[m]ost significantly, the Florida court . . . has assumed jurisdiction of the Florida property".[26] In *LeBlanc v. Edwin Epstein, Jr. Operating Co.*, a federal district court declined to exercise jurisdiction concurrently with a Texas court.[27] It said that, "[i]f the state court action is an *in rem* proceeding, that fact would strongly support abstention in favor of the state court action".[28] And it noted, of the *Colorado River* rule,[29] that "[t]his rule is based on the need to avoid inconsistent rulings affecting property ownership that

---

[23] 424 U.S. 800, 819 (1976).
[24] *Id.*
[25] No. 3:10-cv-423-J-34TEM, 2011 U.S. Dist. LEXIS 113124, at *44 (no. 8) (M.D. Fla. Sept. 30, 2011).
[26] *Id.* *30.
[27] No. H-03-0592, 2003 U.S. Dist. LEXIS 26830, at *2 (for "Starr County, Texas"), *18 ("The Starr County state court obtained jurisdiction over the *res* at issue before General LeBlanc filed this suit . . ."), *35 (staying the case "pending the resolution of the state action in Starr County, Texas") (S.D. Tex. Aug. 5, 2003).
[28] *Id.* *13.
[29] *Supra* text accompanying note 23.

could issue if state and federal courts simultaneously entertained *in rem* or *quasi in rem* suits involving a single *res*".[30]

**B. Summary.**

CSB's purpose of avoiding exposure to competing claims will be served if this Court declines to exercise concurrent jurisdiction. Because it should decline to exercise concurrent jurisdiction, CSB's motion for discharge should be denied. For the same reason, this Court should not order the deposit of the funds into the registry of the Court.

**IV. CSB Should Not Be Awarded Attorney's Fees or Costs.**

CSB seeks attorney's fees and costs.[31] "The broad rule governing an award of attorney's fees in an interpleader action is reasonableness."[32] As CSB's own case shows, it is CSB's burden to prove reasonableness.[33] A factor to be considered is "whether the services rendered benefited the stakeholder".[34]

In the instant case, it cannot be said that the services rendered benefited CSB. They would have done so if this were a straightforward interpleader action involving only one court. But it is not, and the attorney's work has entirely bypassed the crucial issue—that of

---

[30] *LeBlanc, supra* note 27, at *13, *citing Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir. 1988). In contrast to the numerous cases that counsel the avoidance of *conflicting* orders, CSB has not identified even a *single* case in which, because there was no conflict, a bound person was able to comply but was subject to liability because it *did* comply.

[31] Pl.'s Mem. (Doc. 37) 3-4 (§ III.B).

[32] *Western-Southern Life Assur. Co. v. Lee*, No. 4:13-CV-2499, 2015 U.S. Dist. LEXIS 59030, at *5 (E.D. Mo. May 6, 2015), *citing Protective Life Ins. Co. v. Kridner*, Civ. No. 12-582 (JRT/JGG), 2013 U.S. Dist. LEXIS 43020[, at *17] (D. Minn. Mar, 27, 2013).

[33] *Western-Southern, supra* note 32, at *5 ("The stakeholder seeking fees has the burden of proving the reasonableness of the request"), *citing Kridner, supra* note 32[, at *19]. *Western-Southern* is cited by Pl.'s Mem. (Doc. 37), at 3-4.

[34] *Western-Southern, supra* note 32, at *5.

concurrent jurisdiction. Further, the attorney's work has been offered in an attempt to evade an order of another court—and that is an attempt the law deplores.

Awards of attorney's fees are discretionary; such an award is "not an absolute right".[35] In the circumstances of this case, the better exercise of the Court's discretion is not to award fees or costs.[36]

## V. Conclusion.

This is not a simple interpleader case: it is rather a case in which a court has already acted with respect to the *res*. It is therefore not just a case in which CSB asks this Court to exercise jurisdiction. It is a case in which CSB asks the Court to exercise *concurrent* jurisdiction over property. Because doing so would give rise to competing claims, the Court should decline the invitation. For this reason, the Court should not order the deposit of the funds into the registry of the Court.

CSB should not be permitted simply to evade the Louisiana order. For this reason, it should remain in the case as long as the case is alive and the Louisiana order is in issue.

CSB's attorney has *missed* the issue and has assisted CSB in its attempt to evade an order of a court. For this reason, the better exercise of this Court's discretion is to decline to award attorney's fees and costs.

---

[35] *Id.*, at *3, *citing American Life Ins. Co. v. Karnes*, No. 07-4053-CV-C-NKL, 2007 U.S. Dist. LEXIS 91095[, at *7] (W.D. Mo. Dec. 11, 2007).

[36] CSB says that "[t]he amount of attorney's fees will increase, unnecessarily," if CSB is not discharged from the suit "at this stage". Pl.'s Mem. (Doc. 37) 3 (§ III.B, para. 1). But that need not be the case. At any time, without hazard to itself, CSB can obey the order of the Louisiana court.

Respectfully submitted,

/s/ Patrick R. Jackson
Patrick R. Jackson
La. State Bar No. 25722
Patrick R. Jackson, APLC
4442 Viking Dr., #100
Bossier City, LA 71111
Telephone: (318) 752-3335
Facsimile: (318) 752-3315
pjackson@bossierlawoffice.com
ATTORNEY FOR DEFENDANT,
J. SCHUYLER MARVIN, District
Attorney for Bossier Parish

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served on all counsel of record to this proceeding on the 23rd day of August, 2018, by this Court's CM/ECF Filing System.

/s/ Patrick R. Jackson
PATRICK R. JACKSON