IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COMMUNITY STATE BANK                                                                                    PLAINTIFF

v.                                              Case No. 4:18-cv-4078

MAXINE WILSON; CARRIE W.
WINFORD, ADMINISTRATRIX
FOR THE ESTATE OF JENNIFER
HARTING WILSON; and J. SCHUYLER
MARVIN, DISTRICT ATTORNEY                                                                            DEFENDANTS

GARY WILSON                                                                                              INTERVENOR

## ORDER

Before the Court is Plaintiff Community State Bank's Motion for Discharge and for Award of Attorney's Fees and Costs. (ECF No. 36). Separate Defendant J. Schuyler Marvin filed a response. (ECF No. 38). Intervenor Gary Wilson also filed a response. (ECF No. 44). Plaintiff has filed a reply. (ECF No. 39). The Court finds the matter ripe for consideration.

Plaintiff is a state-chartered banking corporation located in Bradley, Arkansas. On March 16, 2018, Separate Defendant Maxine Wilson opened a checking account with Plaintiff by depositing five cashier's checks totaling $255,209.47 (the "Fund"). The checks were payable to Jennifer Harting Wilson and were indorsed by Separate Defendant Wilson in her capacity as power of attorney for Jennifer Wilson. After the opening of the checking account, Plaintiff became aware that Jennifer Wilson had died.[1] On or about April 27, 2018, the 26th Judicial District Court of Louisiana served Plaintiff with a warrant for seizure for forfeiture of the Fund (the "Louisiana

---

[1] Plaintiff states that Jennifer Wilson may have been deceased at the time Separate Defendant Wilson indorsed the cashier's checks for deposit, creating legal and factual uncertainties as to the effectiveness of Separate Defendant Wilson's indorsements.

warrant") pursuant to Louisiana Revised Statutes 15:1356, which, in relevant part, provides for civil forfeiture and disposition of money used in or obtained from conduct in violation of Louisiana's Racketeering Act. The Louisiana warrant ordered Plaintiff to relinquish the Fund in the form of a cashier's check to the 26th Judicial District Attorney's Office in Bossier Parish, Louisiana, to be preserved and safeguarded by Separate Defendant J. Schuyler Marvin until further order of the Louisiana state court. At an unspecified time, Plaintiff also became aware of the opening of Jennifer Wilson's estate.

On May 9, 2018, Plaintiff Community State Bank commenced this interpleader action to resolve competing claims to the Fund. Plaintiff indicates that the following individuals have asserted competing claims to all or part of the Fund: Separate Defendant Marvin, the district attorney in Bossier Parish, Louisiana; Separate Defendant Carrie W. Winford, the administratrix of Jennifer Wilson's estate; and Intervenor Gary Wilson, Jennifer Wilson's widower.[2]

On August 16, 2018, Plaintiff filed the instant motion, asking the Court to allow it to deposit the Fund with the Clerk of Court and, accordingly, order that Plaintiff be dismissed and discharged from this lawsuit. Plaintiff also asks the Court to exercise its discretion to award it attorney's fees and costs incurred in bringing this action, to be recovered from the Fund. Separate Defendant Marvin opposes the motion, arguing, *inter alia*, that the Court should deny the instant motion and decline to exercise jurisdiction over this case pursuant to the *Colorado River* abstention doctrine. Intervenor appears to support the instant motion, arguing that the Court has jurisdiction over this case and that abstention is not appropriate under any abstention doctrine.

## II. DISCUSSION

Interpleader is a procedural device that allows a party holding money or property,

---

[2] Although Separate Defendant Maxine Wilson is also named as a defendant in this matter, she has failed to answer the intervenor complaint or otherwise assert a claim to the Fund.

concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. A party may bring a claim under statutory interpleader, governed by 28 U.S.C. § 1335, as Plaintiff did here, or Federal Rule of Civil Procedure 22. "The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of multiple liability or inconsistent obligations where several claimants assert rights to a single stake." *Stonebridge Life Ins. Co. v. Litherland*, No. 4:10-cv-1231 (CEJ), 2011 WL 743753, at *1 (E.D. Mo. Feb. 23, 2011) (citing *S & W Foreclosure Corp. v. Okenfuss*, No. 4:09-cv-353, 2010 WL 106675, at *1 (E.D. Mo. Jan. 6, 2010)).

Interpleader actions generally unfold in a two-stage process. In a statutory interpleader case, like this one, the Court first determines whether the requirements of the interpleader statute have been met and whether the stakeholder may be relieved from liability. *Viking Ins. Co. of Wis. v. Kemp*, No. 3:12-cv-0216-KGB, 2013 WL 6780571, at *3 (E.D. Ark. Dec. 19, 2013). If the Court answers those questions affirmatively, it then proceeds to the second stage, where it adjudicates the adverse claims to the interpleaded fund. *Id.*

Plaintiff presently asks the Court to determine that it is a disinterested stakeholder. Plaintiff then asks the Court to allow it to deposit the Fund into the registry of the Court and, afterwards, to be dismissed from this action. Accordingly, the Court must now determine whether Plaintiff has satisfied all requirements for statutory interpleader.[3] If the Court finds that Plaintiff has, the Court will then determine whether Plaintiff is a disinterested stakeholder and, thus, whether the instant motion should be granted.

"There is no set procedure for conducting the first stage of interpleader." Mary Kay Kane,

---

[3] Certain parties to this case have filed briefs attempting to refute other parties' claims to the Fund. *See* ECF No. 35. Any filing discussing the merits of the various Defendants' claims are prematurely raised at this time and should be refiled if this case reaches the second stage of the interpleader process.

7 Fed. Prac. & Proc. Civ. § 1714 (3d ed. 2018). Courts typically "determine[] whether the prerequisites to . . . statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond." *Prudential Ins. Co. of Am. v. Herzog*, No. 4:16-cv-01306 (CEJ), 2017 WL 1477142, at *2 (E.D. Mo. Apr. 25, 2017) (quoting *Vanderlinden v. Metro. Life Ins. Co.*, 137 F. Supp. 2d 1160, 1164 (D. Neb. 2001)). "If these requirements are met, the court may dismiss [a] disinterested stakeholder from the interpleader action, leaving the claimants to prosecute their conflicting claims." *Id.* Notably, the merits of the claims do not foreclose interpleader relief. *See Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir. 1940).

Separate Defendant Marvin argues that the 26th Judicial District Court of Louisiana established *in rem* jurisdiction over the Fund when it issued the Louisiana warrant to Plaintiff. Separate Defendant Marvin argues that, pursuant to the Louisiana warrant, he will safeguard and preserve the Fund "until a [Louisiana] court can determine the validity of competing claims."[4] (ECF No. 14, p. 5). He argues further that the Court should not exercise concurrent jurisdiction over this case by proceeding forward, thereby subjecting Plaintiff to two conflicting court orders, and should instead dismiss this case so that the Louisiana state court may enforce the Louisiana warrant and determine the proper distribution of the Fund in accordance with Louisiana's applicable civil forfeiture statute.

Plaintiff argues in response that the Louisiana state court did not obtain personal jurisdiction over it or the Fund by serving a civil forfeiture warrant on an Arkansas bank with no ties to Louisiana, attempting to seize property located solely in Arkansas. Thus, Plaintiff argues

---

[4] As far as the Court can tell, however, Separate Defendant Marvin has not indicated that any such proceeding has been initiated or is currently pending in the 26th Judicial District Court of Louisiana.

that the Louisiana warrant does not constitute a lawful court order binding Plaintiff and that, at most, it creates a claim for the Fund that should be adjudicated in this interpleader case along with the other competing claims to the Fund. Intervenor similarly contends that the Court has jurisdiction over the parties and Fund in this case and that the Louisiana state court does not.

It is clear to the Court that Separate Defendant Marvin wants the Court to dismiss this case pursuant to the *Colorado River* abstention doctrine. Separate Defendant Marvin has raised this request in numerous filings, including in a filing that is styled as an answer (ECF No. 9); in an identical answer filed a few weeks later (ECF No. 13); in an amended answer (ECF No. 14); in an answer to Intervenor's complaint in intervention (ECF No. 35); and in his response to the instant motion. (ECF No. 38).[5] However, none of these filings properly place the issue of concurrent jurisdiction or abstention before the Court in a way that allows the Court to act.

The Local Rules of the United States District Courts for the Eastern and Western Districts of Arkansas express that a pretrial motion to dismiss will not be taken up and considered by the Court unless it is set forth in a separate pleading that is accompanied by a separate brief. *See* Local Rule 7.2(e). As discussed above, Separate Defendant Marvin has repeatedly asked the Court to dismiss this case. However, none of his filings comply with Local Rule 7.2(e)'s requirement that a motion to dismiss be set out in a separate motion accompanied by a supporting brief. Moreover, the Court cannot consider Separate Defendant Marvin's request for relief, and certainly cannot grant relief, in the absence of a formal motion. *See* Fed. R. Civ. P. 6(b)(1) ("A request for a court order must be made by motion.").

---

[5] Separate Defendant Marvin's first two answers did not address any of the allegations in Plaintiff's complaint as required by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(b)(1)(A-B) ("In responding to a pleading, a party must: state in short and plain terms its defenses to each claim asserted against it; and admit or deny the allegations asserted against it by an opposing party."). Instead, his first two answers read like motions to dismiss, arguing and citing caselaw for the proposition that the Court should dismiss this case. Separate Defendant Marvin's amended answer addressed each of Plaintiff's allegations and included the same arguments for dismissal found in the first two answers.

The Court recognizes that if abstention is appropriate in this case, it would be unnecessary to proceed through the two-stage interpleader process. Thus, the Court sees no need to conduct a first-stage interpleader analysis at this time to determine whether Plaintiff should be allowed to deposit the Fund into the registry of the Court and whether Plaintiff should be dismissed from this case. Accordingly, the Court finds that Plaintiff's motion should be denied without prejudice to its ability to refile the motion later, if necessary.

The Court further recognizes that several parties have already made piecemeal arguments for and against abstention in various filings throughout this case. However, it bears repeating that the Court requires a formal motion to consider the issue of whether this case should be dismissed pursuant to the *Colorado River* abstention doctrine. Thus, the Court shall order Separate Defendant Marvin to file a motion to dismiss raising that issue. Once his motion to dismiss is filed, the other parties may respond to it in accordance with Local Rule 7.2(b). The Court would find particularly helpful discussion and citations to applicable authority regarding the legal effect, if any, of a Louisiana state court issuing a civil forfeiture warrant to an out-of-state business with no apparent ties to Louisiana, to seize property located solely outside Louisiana. The Court would also find helpful discussion and applicable authority regarding the treatment of a previously served state civil forfeiture warrant in a federal interpleader context.

If this case remains for further proceedings after the Court has ruled on Separate Defendant Marvin's motion to dismiss, Plaintiff may refile the instant motion, focusing on whether the prerequisites of statutory interpleader have been met, whether Plaintiff is a disinterested stakeholder, and whether fees and costs should be awarded.

### III. CONCLUSION

For the reasons discussed above, Plaintiff's motion (ECF No. 36) is hereby **DENIED**

6

**WITHOUT PREJUDICE**.  Separate Defendant Marvin shall file a motion to dismiss in accordance with Local Rule 7.2 regarding the issues of concurrent jurisdiction and *Colorado River* abstention within **fourteen (14) days of the date of this order**.  Once filed, the other parties may respond to his motion to dismiss in accordance with Local Rule 7.2(b).

    **IT IS SO ORDERED**, this 29th day of January, 2019.

                                                 /s/ Susan O. Hickey
                                                 Susan O. Hickey
                                                 United States District Judge