IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COMMUNITY STATE BANK                                                                PLAINTIFF

v.                                    Case No. 4:18-cv-4078

MAXINE WILSON; CARRIE W.
WINFORD, ADMINISTRATRIX
FOR THE ESTATE OF JENNIFER
HARTING WILSON; and J. SCHUYLER
MARVIN, DISTRICT ATTORNEY                                                        DEFENDANTS

GARY WILSON                                                                          INTERVENOR

# ORDER

Before the Court is Plaintiff Community State Bank's Motion for Default Judgment. (ECF No. 27). No party has responded to the motion and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

On May 9, 2018, Plaintiff filed this interpleader action pursuant to 28 U.S.C. § 1335 to resolve competing claims to certain funds held in Plaintiff's possession. On May 15, 2018, Plaintiff served Separate Defendant Maxine Wilson, indicated by her signature on a return receipt for certified mail. (ECF No. 6). As of the date of this Order, Separate Defendant Wilson has not appeared in this action, nor has she answered or otherwise filed a responsive pleading to Plaintiff's complaint.

On August 9, 2018, the Clerk of Court entered default as to Separate Defendant Wilson. In the instant motion, Plaintiff asks the Court to enter default judgment as to Separate Defendant Wilson, thereby denying any claim she has to the funds at issue in this case.

Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgment. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted). First, pursuant to Rule 55(a), the party seeking a

default judgment must have the clerk of court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend. *Id.* Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the Rule. *Id.* Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b). *Id.* As previously noted, the Clerk of Court entered default as to Separate Defendant Wilson on August 9, 2018.

A "default" occurs when a defendant fails to answer or respond to a complaint, and an "entry of default" is what the Clerk of Court enters when it is established that a defendant is in default. *Denton v. Conveyor Tech. & Components, Inc.*, 4:12-cv-191-KGB, 2013 WL 2422679, at *1 (E.D. Ark. June 1, 2013). The entry of default is a procedural step in obtaining a default judgment; it is not determinative of any rights. *Roberts v. Kevmar Capital Corp.*, No. 4:11-cv-0681-BRW, 2012 WL 1193133, at *1 (E.D. Ark. April 10, 2012). The entry of a default judgment is committed to the sound discretion of the district court. *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977). Pursuant to Federal Rule of Civil Procedure 8(b)(6), "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." In an interpleader context, "[i]t has been repeatedly held that '[t]he failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted.'" *Viking Ins. Co. of Wis. v. Kemp*, No. 3:12-cv-0216-KGB, 2013 WL 6780571, at *2 (E.D. Ark. Dec. 19, 2013) (collecting cases); *see also Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) ("[I]f all but one named interpleader defendants defaulted, the remaining defendant would be entitled to the fund.").

Upon consideration, the Court finds that good cause has not been shown for the motion at this time. Separate Defendant Wilson has failed to answer Plaintiff's complaint. Moreover, the Clerk of Court has entered default against Separate Defendant Wilson. However, Separate Defendant J. Schuyler Marvin has previously raised an argument that the Court should dismiss this action pursuant

2

to the *Colorado River* abstention doctrine so that a Louisiana state court can determine the proper distribution of the funds at issue in accordance with an applicable Louisiana civil forfeiture statute. The Court has ordered Separate Defendant Marvin to file a motion to dismiss regarding that issue. If the Court ultimately determines that abstention is appropriate in this case, the Court sees no reason to enter default judgment against Separate Defendant Wilson, thereby adjudicating her claim to the funds at issue, prior to the Court abstaining from and dismissing this case.

Thus, the Court finds, in its discretion, that the instant motion for entry of default judgment should be denied as premature at this time. *See Packers Brand Meats, Inc.*, 562 F.2d at 10 (stating that the decision of whether to enter default judgment is committed to the federal district court's sound discretion). If this case remains for further proceedings after the Court has ruled on Separate Defendant Marvin's motion to dismiss, Plaintiff may refile the instant motion.[1]

For the above-discussed reasons, the Court finds that Plaintiff's motion (ECF No. 27) should be and hereby is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 29th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Although not discussed by Plaintiff in the instant motion, Intervenor Gary Wilson mentioned in a subsequent, unrelated filing that entry of default judgment against Separate Defendant Maxine Wilson could potentially deprive the Court of jurisdiction over this matter. A party bringing a claim under statutory interpleader, governed by 28 U.S.C. § 1335, as Plaintiff did here, must show minimal diversity between adverse claimants. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967). It appears that Separate Defendant Maxine Wilson is an Arkansas citizen, while all other claimants in the case are Louisiana citizens. Thus, minimal diversity appears to exist between the claimants at the moment. However, entry of default judgment against Separate Defendant Maxine Wilson would cause her to forfeit her claim to the funds and the remaining claimants would all be Louisiana citizens. Federal district courts within the Eighth Circuit have found the minimal diversity requirement for statutory interpleader to be lacking when all claimants are the citizens of the same state, even if the disinterested stakeholder is a citizen of a different state. *See Boatmen's First Nat'l Bank of Kan. City v. McCoy*, 861 F. Supp. 846, 848 (W.D. Mo. 1994). Because Plaintiff brought this case solely under the federal interpleader statute, and not under Federal Rule of Civil Procedure 22, any refiled motion seeking entry of default judgment against Separate Defendant Maxine Wilson should also discuss whether entry of default judgment against Separate Defendant Maxine Wilson would deprive the Court of jurisdiction over this case due to loss of minimal diversity of claimants, as required by 28 U.S.C. § 1335.