IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COMMUNITY STATE BANK                                                                    PLAINTIFF

v.                                             Case No. 4:18-cv-4078

MAXINE WILSON; CARRIE W.
WINFORD, ADMINISTRATRIX
FOR THE ESTATE OF JENNIFER
HARTING WILSON; and J. SCHUYLER
MARVIN, DISTRICT ATTORNEY                                                              DEFENDANTS

GARY WILSON                                                                              INTERVENOR

## **ORDER**

Before the Court is Intervenor Gary Wilson's Motion to Strike Separate Defendant Winford's Answer to Complaint for Interpleader. (ECF No. 30). Also before the Court is Intervenor's Motion for Default Judgment Against Separate Defendant Carrie W. Winford. (ECF No. 32). No party has responded to either motion and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matters ripe for consideration.

## **I. BACKGROUND**

On May 9, 2018, Plaintiff Community State Bank filed this interpleader action pursuant to 28 U.S.C. § 1335 to resolve competing claims to certain funds it holds. On May 14, 2018, Plaintiff served Separate Defendant Winford, indicated by her signature on a return receipt for certified mail. (ECF No. 7). Accordingly, the Federal Rules of Civil Procedure required Separate Defendant Winford to file an answer or an otherwise responsive pleading by June 4, 2018. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing twenty-one days to file an answer after receipt of service). Separate Defendant Winford did not file her answer by June 4, 2018, but instead filed her answer on July 18, 2018, approximately forty-five days late.

On August 9, 2018, Intervenor filed the instant motions. In his motion to strike, Intervenor asks the Court to strike Separate Defendant Winford's untimely answer. In his motion for default judgment, Intervenor asks that the Court enter default judgment against Separate Defendant Winford after striking her answer, thereby precluding any claim of entitlement she may have to the funds at issue in this case.

## II. DISCUSSION

Intervenor asks the Court to strike Separate Defendant Winford's answer and enter default judgment against her. The Court will separately address these requests.

**A. Motion to Strike**

Intervenor asks the Court to strike Separate Defendant Winford's untimely answer. Intervenor argues that striking Separate Defendant Winford's answer is appropriate in this circumstance because she did not ask for an extension of time to file her answer and did not seek the Court's leave before filing her answer out of time. Separate Defendant Winford has not responded.

Federal Rule of Civil Procedure 12(f)[1] provides that courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys 'liberal discretion' thereunder." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Striking a party's pleading is considered an extreme measure and, thus, "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright & Miller, *Federal Practice and Procedure: Civil* § 1380 at 783 (1969)); *see also Resolution Trust Corp. v. Gibson*, 829 F. Supp. 1103, 1106 (W.D. Mo. 1993); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.37[1] (3d ed. 2000) ("Courts disfavor the

---

[1] Intervenor does not specify the procedural mechanism under which he moves to strike Separate Defendant Winford's answer. The Court assumes that he bases his argument on Rule 12(f), which authorizes courts to strike pleadings in certain situations.

motion to strike, because it 'proposes a drastic remedy.'"). Striking an answer as untimely is only appropriate if the movant demonstrates that it suffered prejudice because of the late filing. *See Burke v. Glass*, No. 4:14-cv-2107-RLW, 2017 WL 3017701, at *2 (E.D. Mo. July 14, 2017) (denying a motion to strike an untimely answer because the movant failed to show that he was prejudiced by the belated filing); *Oglesby v. Lesan*, No. 4:16-cv-3189, 2017 WL 2345666, at *2 (D. Neb. May 30, 2017) ("[A] motion to strike under Rule 12(f) will not be granted 'in the absence of some showing of prejudicial harm' to the movant."), *aff'd*, No. 4:16-cv-3189, 2017 WL 2881128 (D. Neb. July 6, 2017).

Upon consideration, the Court finds that Intervenor has not demonstrated prejudice to warrant striking Separate Defendant Winford's answer. Intervenor is correct that Separate Defendant Winford did not seek an extension of her time to answer the complaint and likewise did not seek the Court's permission before filing her answer out of time. However, Intervenor has not identified any discovery that he was unable to conduct, or any other prejudice suffered because of Separate Defendant Winford's belated pleading. In fact, Intervenor concedes in his supporting brief that "there does not appear to be prejudice to [him.]" (ECF No. 33, p. 5). Thus, the Court finds that Intervenor was not prejudiced by Separate Defendant Winford's untimely answer. Accordingly, the Court finds that Intervenor's motion to strike should be denied. *Burke*, 2017 WL 3017701, at *2; *Oglesby*, 2017 WL 2345666, at *2.

**B. Motion for Default Judgment**

Intervenor also asks the Court to enter default judgment against Separate Defendant Winford, thereby precluding her from asserting any claim of entitlement to the funds at issue in this case. Separate Defendant Winford has not responded.

In light of the Court's above finding that Separate Defendant Winford's answer should not be stricken at this time, there is no basis for granting default judgment against her.[2] Accordingly, the

---

[2] Moreover, an entry of default must precede a grant of default judgment. *Fraserside IP L.L.C. v. Youngtek Solutions Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011). The Clerk of Court has not entered default against Separate

Court finds that Intervenor's motion for default judgment should be denied.

### C. Separate Defendant Winford's *pro se* Status

Although not raised by any party, the Court wishes to take time to address Separate Defendant Winford's representation status in this case. The docket does not reflect that an attorney has entered an appearance on her behalf. Instead, the docket lists Separate Defendant Winford as "PRO SE" where her attorney would otherwise be listed. The signature block of Separate Defendant Winford's answer lists her name, followed by "c/o W. Deryl Medlin, Attorney." (ECF No. 18, p. 4). There is no apparent explanation of this language, but the Court notes that Mr. Medlin has not entered an appearance in this case on Separate Defendant Winford's behalf. As such, Separate Defendant Winford proceeds *pro se* in this matter.

Accordingly, a problem arises because Separate Defendant Winford is a defendant to this suit in her capacity as administratrix of the estate of Jennifer Harting Wilson. "Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law, provided that they do so for themselves and in connection with their own business." *Morgan v. Nat'l Bank of Kan. City*, No. 4:09-cv-0792-WRW, 2009 WL 3592543, at *1 (E.D. Ark. Oct. 27, 2009). However, a non-attorney engages in the unlawful practice of law if they represent another party, and any actions they perform are rendered a nullity. *Id.* Particularly relevant to this case, a *pro se* litigant may only represent an estate in court if she is the sole beneficiary and creditor of the estate. *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005); *Abraham v. Jordan*, No. 8:08-cv-151, 2008 WL 2330986, at *2 (D. Neb. June 4, 2008).

As discussed above, Separate Defendant Winford is proceeding *pro se* on behalf of Jennifer Wilson's estate. The Court cannot allow her to do so without proof that she is the sole beneficiary and creditor of Jennifer Wilson's estate. Thus, the Court will give Separate Defendant Winford thirty days

---

Defendant Winford and, thus, default judgment would not be appropriately granted against her at this time.

in which to file an affidavit that proves she is the sole beneficiary and creditor of Jennifer Wilson's estate. *See Abraham*, 2008 WL 2330986, at *2 (taking a similar course of action when faced with a *pro se* party representing an estate). Alternatively, Separate Defendant Winford may have an attorney enter an appearance in this case on her behalf within the same period. *Id.* If Separate Defendant Winford fails to either file an affidavit in accordance with this Order or have an attorney enter an appearance in this case on her behalf within the thirty-day period, the Court will determine that she impermissibly engaged in the unlawful practice of law and, thus, her actions taken in this suit, including the filing of her answer, will be rendered a nullity, as though they did not occur.

### III. CONCLUSION

For the above-stated reasons, the Court finds that Intervenor's Motion to Strike (ECF No. 30) should be and hereby is **DENIED**. Likewise, Intervenor's Motion for Default Judgment (ECF No. 32) is hereby **DENIED**.

The Court further orders that **Separate Defendant Winford must either have an attorney enter an appearance in this case on her behalf or file an affidavit with the Court proving that she is the sole beneficiary and creditor of Jennifer Harting Wilson's estate. If Separate Defendant Winford fails to do either within thirty (30) days of the date of this Order, the Court will determine that she has impermissibly engaged in the unlawful practice of law and, thus, her actions taken in this suit, including the filing of her answer, will be rendered a nullity, as though they did not occur.**

**IT IS SO ORDERED**, this 29th day of January, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge