IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COMMUNITY STATE BANK                                                PLAINTIFF

v.                                Case No. 4:18-cv-4078

MAXINE WILSON; CARRIE W.
WINFORD, ADMINISTRATRIX
FOR THE ESTATE OF JENNIFER
HARTING WILSON; and J. SCHUYLER
MARVIN, DISTRICT ATTORNEY                              DEFENDANTS

GARY WILSON                                                             INTERVENOR

# **ORDER**

Before the Court is Intervenor Gary Wilson's Second Motion to Strike Answer of Separate Defendant Winford. (ECF No. 68). No party has responded to the motion and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

Plaintiff Community State Bank filed this interpleader action pursuant to 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22 to resolve competing claims to certain funds it holds. On March 4, 2019, Intervenor filed the instant motion pursuant to Federal Rule of Civil Procedure 12(f), asking the Court to strike Separate Defendant Carrie W. Winford's answer for impermissibly engaging in the unlawful practice of law.

"Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law, provided that they do so for themselves and in connection with their own business." *Morgan v. Nat'l Bank of Kan. City*, No. 4:09-cv-0792-WRW, 2009 WL 3592543, at *1 (E.D. Ark. Oct. 27, 2009). A *pro se* litigant may only represent an estate in court if she is the sole beneficiary and creditor of the estate. *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th

Cir. 2005); *Abraham v. Jordan*, No. 8:08-cv-151, 2008 WL 2330986, at *2 (D. Neb. June 4, 2008). When a non-attorney impermissibly engages in the unlawful practice of law, any actions they perform are rendered a nullity. *Morgan*, 2009 WL 3592543, at *1.

Separate Defendant Winford proceeds *pro se* in this matter as the administratrix of the estate of Jennifer Harting Wilson. On January 29, 2019, the Court entered an order noting Separate Defendant Winford's *pro se* status and instructing her that it is impermissible for her to proceed *pro se* in federal court on behalf of Jennifer Harting Wilson's estate unless she is the sole beneficiary and creditor of the estate. In so stating, the Court informed Separate Defendant Winford that, within thirty days of that order, she must either file an affidavit demonstrating that she is the sole beneficiary and creditor of Jennifer Harting Wilson's estate or have an attorney enter an appearance in this case on her behalf. Approximately four months have passed since that order was filed and Separate Defendant Winford has not demonstrated that she is licensed to practice law in the State Arkansas or any other jurisdiction, nor has she demonstrated that she is the sole beneficiary and creditor of Jennifer Harting Wilson's estate. She has also failed to have an attorney enter an appearance in this case on her behalf.[1]

Upon consideration, the Court finds that Separate Defendant Winford has engaged in the unauthorized practice of law and, therefore, her attempt to file an answer on behalf of the estate of Jennifer Harting Wilson was ineffectual and results in a nullity, as though it did not occur. Because Separate Defendant Winford could not file an answer as the administratrix of Jennifer Harting Wilson's estate, there is, in effect, no answer to strike. Therefore, the instant motion should be denied insofar as it seeks that a document be stricken from the record.

---

[1] As the Court previously noted in its January 29, 2019 order, the signature block of Separate Defendant Winford's answer lists her name, followed by "c/o W. Deryl Medlin, Attorney." (ECF No. 18, p. 4). Mr. Medlin has not entered an appearance in this case on Separate Defendant Winford's behalf or communicated with the Court in any way. Thus, as far as the Court is concerned, Separate Defendant Winford remains *pro se* in this matter.

2

For the reasons stated above, the Court finds that Intervenor's motion (ECF No. 68) should be and hereby is **DENIED**. The docket reflects that on May 14, 2018, Plaintiff served Separate Defendant Winford, as indicated by her signature on a return receipt for certified mail. (ECF No. 7). Accordingly, the Federal Rules of Civil Procedure required her to file an answer or an otherwise responsive pleading by June 4, 2018. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (providing twenty-one days to file an answer after receipt of service). In light of the Court's above holding that Separate Defendant Winford's attempt to file an answer as the administratrix of the estate of Jennifer Harting Wilson was ineffectual and resulted in a nullity, the Court finds that Separate Defendant Winford has failed to timely answer the complaint within the prescribed period. Accordingly, the Clerk of Court is **DIRECTED** to file a notice of default procedures under Federal Rule of Civil Procedure 55 as to Separate Defendant Winford.[2]

**IT IS SO ORDERED**, this 10th day of June, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[2] A motion to dismiss pursuant to various abstention doctrines remains pending. In due time, the Court will address that motion by separate order. Until that motion is ruled on, any motion for default judgment would be prematurely raised.