IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COMMUNITY STATE BANK                                                                PLAINTIFF

v.                                    Case No. 4:18-cv-4078

MAXINE WILSON; CARRIE W.
WINFORD, ADMINISTRATRIX
FOR THE ESTATE OF JENNIFER
HARTING WILSON; and J. SCHUYLER
MARVIN, DISTRICT ATTORNEY                                                        DEFENDANTS

GARY WILSON                                                                        INTERVENOR

## ORDER

Before the Court is Plaintiff Community State Bank's Motion for Discharge and for Award of Attorney's Fees and Costs (ECF No. 89). No party has responded to the motion and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

## I. DISCUSSION

Plaintiff is a state-chartered banking corporation located in Bradley, Arkansas, that holds $255,209.47 in a checking account (the "Fund"). Plaintiff commenced this interpleader action to resolve competing claims to the Fund. Plaintiff indicates that the following individuals have asserted competing claims to all or part of the Fund: Separate Defendant Marvin, a district attorney in Bossier Parish, Louisiana; Maxine Wilson; Separate Defendant Carrie W. Winford; and Intervenor Gary Wilson.

On October 9, 2019, Plaintiff filed the instant motion, asking the Court to allow it to deposit the Fund with the Clerk of Court and, accordingly, order that Plaintiff be dismissed and discharged from this lawsuit. Plaintiff also asks the Court to exercise its discretion to award it attorney's fees

and costs incurred in bringing this action, to be recovered from the Fund.

## II. DISCUSSION

Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. A party may bring a claim under statutory interpleader, governed by 28 U.S.C. § 1335, or Federal Rule of Civil Procedure 22. The case at bar is both a statutory and Rule 22 interpleader case. "The purpose of an interpleader action is to shield a disinterested stakeholder from the costs of having to defend against multiple suits, and from the risk of multiple liability or inconsistent obligations where several claimants assert rights to a single stake." *Stonebridge Life Ins. Co. v. Litherland*, No. 4:10-cv-1231 (CEJ), 2011 WL 743753, at *1 (E.D. Mo. Feb. 23, 2011) (citing *S & W Foreclosure Corp. v. Okenfuss*, No. 4:09-cv-353, 2010 WL 106675, at *1 (E.D. Mo. Jan. 6, 2010)).

Interpleader actions generally unfold in a two-stage process. In a statutory interpleader case, like this one, the Court first determines whether the requirements of the interpleader statute have been met and whether the stakeholder may be relieved from liability. *Viking Ins. Co. of Wis. v. Kemp*, No. 3:12-cv-0216-KGB, 2013 WL 6780571, at *3 (E.D. Ark. Dec. 19, 2013). If the Court answers those questions affirmatively, it then proceeds to the second stage, where it adjudicates the adverse claims to the interpleaded fund. *Id.*

This case is currently in the first stage of the interpleader process. Plaintiff presently asks the Court to determine that it is a disinterested stakeholder. Plaintiff then asks the Court to allow it to deposit the Fund into the registry of the Court and, afterwards, to be dismissed from this action. Accordingly, the Court must now determine whether Plaintiff has satisfied all requirements for this. If so, the Court will then determine whether Plaintiff is a disinterested stakeholder and,

thus, whether the instant motion should be granted. If necessary, the Court will determine whether Plaintiff is entitled to fees and costs.

**A. Discharge and Dismissal**

"There is no set procedure for conducting the first stage of interpleader." 7 Mary Kay Kane, *Federal Practice & Procedure Civil* § 1714 (3d ed. 2018). Courts typically "determine[] whether the prerequisites to . . . statutory interpleader have been met by examining such things as the citizenship of the litigants, the merits of the asserted threat of multiple vexation, and, if interpleader is sought under the statute, the sufficiency of the stakeholder's deposit or bond." *Prudential Ins. Co. of Am. v. Herzog*, No. 4:16-cv-01306 (CEJ), 2017 WL 1477142, at *2 (E.D. Mo. Apr. 25, 2017) (quoting *Vanderlinden v. Metro. Life Ins. Co.*, 137 F. Supp. 2d 1160, 1164 (D. Neb. 2001)). "If these requirements are met, the court may dismiss [a] disinterested stakeholder from the interpleader action, leaving the claimants to prosecute their conflicting claims." *Id.* Notably, the merits of the claims do not foreclose interpleader relief. *See Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir. 1940).

The interpleader statute requires that the value of the money or property in the plaintiff's possession is at least $500.00 and that there are at least two adverse claimants of diverse citizenship asserting claims to the money or property.[1] 28 U.S.C. § 1335(a)(1). The requirements of the statute have been met in this case. The record shows that there are competing claims by minimally diverse parties because Defendant Maxine Wilson is an Arkansas citizen and the other claimants are Louisiana citizens.[2] Thus, Plaintiff "has shown a legitimate fear of 'multiple vexation' directed

---

[1] Statutory interpleader involves a "special brand of diversity jurisdiction." *Whirlpool Corp. v. Ritter*, 929 F.2d 1318, 1320-21 (8th Cir. 1991). Section 1335 requires only "minimal" diversity, or diversity between two or more adverse parties, rather than complete diversity. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[2] The fact that Defendant Wilson is in default does not make interpleader inappropriate. *See Viking*, 2013 WL 6780571, at *3 (citing *N.Y. Life Ins. Co. v. Conn. Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983)).

against a single fund by identifying adverse parties who claim or could have attempted to claim the [Fund]." *Viking*, 2013 WL 6780571, at *3. Plaintiff disclaims any interest in the Fund and is therefore a disinterested stakeholder. *Prudential*, 2017 WL 1477142, at *2. Finally, the value of the Fund exceeds $500.00. Accordingly, interpleader action is appropriate here. For this reason, and because no party has opposed the motion,[3] the Court finds that Plaintiff's request for discharge and dismissal should be granted. The Court must now determine whether Plaintiff is entitled to fees and costs

### B. Fees and Costs

Plaintiff seeks to recover its attorneys' fees and costs incurred in bringing and maintaining this interpleader action. No rule or statute permits an interpleader plaintiff to recover its attorney fees. Normally, this lack of authorization would preclude such a recovery. *See, e.g.*, *Doe v. Nixon*, 716 F.3d 1041, 1048 (8th Cir. 2013) (describing the so-called "American Rule," under which each party bears its own attorneys' fees unless Congress has provided "explicit statutory authority for awarding fees to a prevailing party"). "However, federal courts have traditionally relied on the equitable nature of the interpleader remedy to allow a 'modest' award of attorney fees despite the lack of statutory authority." *Hearing v. Minn. Life Ins. Co.*, 33 F. Supp. 3d 1035, 1042 (N.D. Iowa 2014), *aff'd*, 793 F.3d 888 (8th Cir. 2015); *see also Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940) (observing that "a completely disinterested [interpleader] stakeholder should not ordinarily be out of pocket for the necessary expenses and attorney's fees incurred by him, [but] the amount allowed for such fees should be modest").

An award of "attorney fees to an interpleader [plaintiff] is not mandatory, but . . . [is] permissive." *Dusseldorp v. Ho*, 4 F. Supp. 3d 1069, 1070 (S.D. Iowa 2014). The interpleader

---

[3] The absence of a timely opposition to any non-dispositive motion is "an adequate basis, without more, for granting the relief sought in said motion." Local Rule 7.2(f).

4

plaintiff bears the burden of showing its entitlement to a fee award. *Id.* Any uncertainties in a fee application are resolved against the fee applicant. *W. S. Life Assur. Co. v. Lee*, No. 4:13-CV-2499 CEJ, 2015 WL 2124753, at *3 (E.D. Mo. May 6, 2015). An interpleader plaintiff's "[r]ecoverable expenses are properly limited to the attorney fees billed to prepare the complaint, obtain service of process on the claimants to the fund, and secure the plaintiff's discharge from liability and dismissal from the lawsuit." *Dusseldorp*, 4 F. Supp. 3d at 1071. "Additionally, since the attorney fees are reimbursed out of the interpleaded fund, there is an important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.* (internal quotation marks omitted).

Plaintiff seeks $7,074.00 in attorneys' fees and $447.91 in costs, for a total of $7,521.91.[4] Plaintiff argues that this amount would not significantly diminish the Fund and, thus, it is reasonable under the circumstances.

The starting point in determining attorneys' fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate.[5] *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The term "reasonable hourly rate" is usually defined as the ordinary rate for similar work in the community where the case is litigated. *See Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates. *Hanig*

---

[4] The closing paragraph of Plaintiff's supporting brief asks for fees and costs in the amount of $4,947.91. (ECF No. 90, p. 4). It is unclear whether this is a typographical error or if Plaintiff also seeks that amount in addition to the $7,521.91. In either event, the Court will consider only the $7,521.91 sought in Plaintiff's motion.

[5] Courts making a lodestar determination are required to consider twelve factors: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983).

*v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005). After determining the lodestar amount, the Court must then "consider whether other factors not considered in arriving at the lodestar amount suggest upward or downward adjustment to arrive at the appropriate fee award." *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, No. 2:00-cv-2031-RTD, 2006 WL 1445719, at *1 (W.D. Ark. May 22, 2006).

Although Plaintiff does not offer any evidence as to the prevailing rate in the community for services similar to those performed in this case, the Court may draw on its own experience and knowledge of prevailing market rates. In the absence of any opposition, the Court finds that Plaintiff's billed rates are reasonable. The Court has further reviewed the itemized billing sheet provided by Plaintiff and finds that the billed hours are mostly reasonable, as they largely relate to filing this case, responding to pleadings, and responding to motions to dismiss pursuant to abstention doctrines. *Dusseldorp*, 4 F. Supp. 3d at 1071.

However, the Court finds that seven billed entries from April 24, 2018 through April 27, 2018; one billed entry on January 29, 2019; and one billed entry on September 25, 2019 should be excluded because they concern attorney-client communications or unspecified communications with third parties that do not readily appear related to preparation of pleadings, service, or action taken to secure discharge and dismissal. *Hearing*, 33 F. Supp. 3d at 1044 (holding that an interpleader plaintiff cannot recover attorney fees for attorney-client communications); *see also Lee*, 2015 WL 2124753, at *3 (stating that any uncertainties in a fee application are resolved against the fee applicant). Excluding these billed entries from the sought-after $7,074.00 in attorneys' fees leaves $5,634.00 in fees that the Court deems allowable. The Court sees no factor warranting an upward or downward adjustment from this amount. The Court also finds that the $447.91 in costs are reasonable and will be allowed, as they relate to the filing of this interpleader

suit and perfecting service on the claimants.

Plaintiff is therefore entitled to reimbursement for $5,634.00 in attorneys' fees and $447.91 in costs, totaling $6,081.91, to be paid from the interpleaded Fund. The Court finds that this amount—roughly three percent of the total Fund—is fair and reasonable in light of the nature of the interpleader action, counsel's litigation efforts with respect to abstention issues, and the large amount of money at stake. *Regions Bank v. Lamb*, No. 4:16-cv-0078-SWW, 2016 WL 4707995, at *5 (E.D. Ark. Sept. 8, 2016) (noting that courts typically award fees in amounts varying between 0.1% and 15% of the interpleaded funds, depending upon the degree of complexity of the case).

### III.  CONCLUSION

For the above-stated reasons, the Court finds that Plaintiff's motion (ECF No. 89) should be and hereby is **GRANTED IN PART AND DENIED IN PART**. As directed by the Court's separate order of even date, Plaintiff is ordered to deposit the total $255,209.47 Fund and any applicable interest into the registry of the Court. At that time, Plaintiff will be dismissed and discharged from this suit. After the Fund is deposited into the Court's registry, the Clerk of Court is directed to distribute $6,081.91 of that amount to Plaintiff's counsel. The remaining balance shall remain in the Court's possession pending further adjudication of the claimants' rights thereto.

**IT IS SO ORDERED**, this 30th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge